UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDRE LAVAR WELLS, | Case No.: 5:11-CV-03294 LHK |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S MOTION FOR NUNC PRO TUNC APPOINTMENT OF COUNSEL |
| GARY SWARTHOUT, Warden, | |
| Respondent. | |

Petitioner has filed a Petition for a Writ of Habeas Corpus in this Court. ECF No. 1 ("Petition"). The Petition raises a number of claims involving: (1) the trial court's instructions to the jury regarding the purposes for which the jury could consider certain expert testimony presented by Petitioner; (2) the trial court's instructions regarding voluntary manslaughter based on heat of passion; (3) the trial court's failure to give an instruction regarding voluntary manslaughter based on imperfect self-defense; (4) misconduct by the prosecutor; and (5) ineffective assistance of counsel by Petitioner's attorney. *Id.* In connection with his Petition, Petitioner has filed the instant motion seeking appointment of counsel in this action. ECF No. 16 ("Motion for Appointment of Counsel").

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever

"the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Knaubert*, 791 F.2d at 728.

The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See Woods v. Felker*, No. C 07-05144 CW (PR), 2008 WL 2782743, at *1 (N.D. Cal. July 16, 2008) (citing 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed.1994)). In evaluating whether counsel is necessary, courts should also consider the petitioner's "likelihood of success on the merits." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196.

The Court finds that appointment of counsel is not warranted in this case. This is not a capital case. Moreover, Petitioner's claims are typical claims that arise in criminal appeals and are not especially complex. Furthermore, having reviewed Petitioner's claims and arguments, the Court finds that the "likelihood of success on the merits" in this case is low. *See Weygandt,* 718 F.2d at 954. Accordingly, Petitioner's Motion for Appointment of Counsel is DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the developments of this case dictate otherwise.

**IT IS SO ORDERED.**

Dated: September 28, 2012

_____
LUCY H. KOH
United States District Judge

2
Case No.: 5:11-CV-03294-LHK
ORDER DENYING PETITIONER'S MOTION FOR NUNC PRO TUNC APPOINTMENT OF COUNSEL