UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDRE LAVAR WELLS,<br><br>          Petitioner,<br><br>     v.<br><br>GARY SWARTHOUT, Warden,<br><br>          Respondent. | Case No.: 5:11-CV-03294 LHK<br><br>ORDER DENYING PETITIONER'S MOTION FOR NUNC PRO TUNC APPOINTMENT OF COUNSEL |

Petitioner has filed a Petition for a Writ of Habeas Corpus in this Court. ECF No. 1 ("Petition"). The Petition raises a number of claims involving: (1) the trial court's instructions to the jury regarding the purposes for which the jury could consider certain expert testimony presented by Petitioner; (2) the trial court's instructions regarding voluntary manslaughter based on heat of passion; (3) the trial court's failure to give an instruction regarding voluntary manslaughter based on imperfect self-defense; (4) misconduct by the prosecutor; and (5) ineffective assistance of counsel by Petitioner's attorney. *Id.* In connection with his Petition, Petitioner has filed the instant motion seeking appointment of counsel in this action. ECF No. 16 ("Motion for Appointment of Counsel").

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever

1

1  "the court determines that the interests of justice so require" and such person is financially unable

2  to obtain representation. The decision to appoint counsel is within the discretion of the district

3  court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Knaubert*, 791 F.2d at 728.

4  The courts have made appointment of counsel the exception rather than the rule by limiting

5  it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed

6  legal and factual questions; (3) cases involving uneducated or mentally or physically impaired

7  petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the

8  claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually

9  complex cases. *See Woods v. Felker*, No. C 07-05144 CW (PR), 2008 WL 2782743, at *1 (N.D.

10 Cal. July 16, 2008) (citing 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and

11 Procedure* § 12.3b at 383-86 (2d ed.1994)). In evaluating whether counsel is necessary, courts

12 should also consider the petitioner's "likelihood of success on the merits." *Weygandt v. Look*, 718

13 F.2d 952, 954 (9th Cir. 1983). Appointment is mandatory only when the circumstances of a

14 particular case indicate that appointed counsel is necessary to prevent due process violations. *See

15 Chaney*, 801 F.2d at 1196.

16 The Court finds that appointment of counsel is not warranted in this case. This is not a

17 capital case. Moreover, Petitioner's claims are typical claims that arise in criminal appeals and are

18 not especially complex. Furthermore, having reviewed Petitioner's claims and arguments, the

19 Court finds that the "likelihood of success on the merits" in this case is low. *See Weygandt,* 718

20 F.2d at 954. Accordingly, Petitioner's Motion for Appointment of Counsel is DENIED. This

21 denial is without prejudice to the Court's *sua sponte* reconsideration should the developments of

22 this case dictate otherwise.

23 **IT IS SO ORDERED.**

Dated: September 28, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

2
Case No.: 5:11-CV-03294-LHK
ORDER DENYING PETITIONER'S MOTION FOR NUNC PRO TUNC APPOINTMENT OF COUNSEL